UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOSEF WATSON,

        Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN GARVEY, and BRIAN WALSH in their official and individual capacities,

        Defendants.

Case No.: 16-cv-5257 (GHW)

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff YOSEF WATSON ("Plaintiff"), by and through his attorneys, SERRINS FISHER LLP, alleges against Defendants THE CITY OF NEW YORK ("NYC"), JOHN GARVEY ("Garvey"), and BRIAN WALSH ("Walsh") in their official and individual capacities (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3. Plaintiff brings this action pursuant to the Americans With Disabilities Act, as amended, 42 U.S.C § 12101 *et seq.* ("ADA"), Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4311 *et seq.* ("USERRA"), the New York Military Law, N.Y. Mil. Law § 242 ("NYML"), New York Civil Service Law § 88 ("NY Civil Service Law"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law"); based upon the following acts and/or omissions which Defendants committed intentionally and willfully, with knowledge that they were violating federal and state laws and that Plaintiff would be economically injured:

  i. Defendants' discrimination under USERRA, NY Civil Service Law and NYML;

  ii. Defendants' discriminatory termination of Plaintiff on the basis of his disability/record of disability, in violation of City Law and the ADA; and

  iii. Defendants' retaliatory termination of Plaintiff because he requested a reasonable accommodation for his disability, in violation of City Law and the ADA.

4. Legal relief is sought pursuant to USERRA, the ADA, NYML, NY Civil Service Law, and City Law.

## PROCEDURAL REQUIREMENTS

5. On and about December 1, 2015, the Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue letter on and about July 29, 2016.

6. Pursuant to §8-502(c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York within ten (10) days of filing the original Complaint.

## THE PARTIES

7. That at all times relevant hereto, Defendant NYC is a municipal corporation organized and existing as such under and by the virtue of the laws of the State of New York.

8. That at all times relevant hereto, New York City Department of Transportation ("DOT") is a department subdivision of Defendant NYC and is a municipal entity duly organized and existing under and by the virtue of the laws of the State of New York.

9. That at all times relevant hereto, Defendant NYC operated, maintained, controlled and supervised DOT.

10. That at all times relevant hereto, Plaintiff was an employee of Defendant NYC and DOT.

11. At all relevant times herein, Defendant NYC was an employer under the USERRA.

12. At all relevant times herein, Defendant Garvey was Director of Ferry Operations at the DOT.

13. At all relevant times herein, Defendant Walsh was the Ferry Division Safety Manager at the DOT.

14. Plaintiff Watson is an adult individual residing in the City and State of New York.

15. Plaintiff was at all times material hereto an "employee" within the meaning of USERRA.

16. Defendant NYC was at all times material hereto an "employer" with the meaning of USERRA.

17. Plaintiff was at all times material hereto a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

18. At all relevant times hereto, Defendant NYC has continuously been doing business in the State of New York and the City of New York, and has continuously employed 15 or more employees, and accordingly is an "employer" within the definition of the ADA and City Law.

## FACTUAL ALLEGATIONS

### Plaintiff's Demotion Because of His Military Service.

19. Plaintiff began working for the DOT as a deckhand in February 2008 working for the Staten Island Ferry.

20. As a deckhand, Plaintiff's duties included cleaning vessels and terminals, handling gangways and mooring lines, patrolling decks to ensure safe and clean conditions, assisting passengers as needed, operating boarding doors, gates, aprons, and bridges, and performing lookouts and emergency duties.

21. In that capacity, he exhibited good work ethic and reliability, and consistently received positive feedback regarding his work performance.

22. As a result of his positive performance, in 2009 DOT promoted Plaintiff to Safety Officer.

23. As a safety officer, Plaintiff's job duties included conducting audits and monthly inspections of vessels and facilities, maintaining the upkeep of vessels and other similar job duties.

24. Plaintiff is a member of the United States Coast Guard ("Coast Guard") and has served in a reserve capacity since April 1999.

25. Plaintiff is currently a Marine Science Technician, First Class in the Coast Guard, a position he has held since 2009.

26. Throughout his employment for DOT, Plaintiff deployed 2 weeks a year, plus one weekend a month.

27. Plaintiff also deployed for long consecutive periods of time.

28. Plaintiff was deployed from June 2010 until August 2010 after which he returned from deployment.

29. In and about Summer 2012, Plaintiff discussed his job performance with Brian Gittins, Document Coordinator for the Safety Office at the Staten Island Ferry.

30. Mr. Gittins told Plaintiff that Defendant Walsh was happy with Plaintiff's work performance except that Plaintiff needed to be around more often despite his "Coast Guard shit."

31. Shortly after Hurricane Sandy devastated New York City in October 2012, in and about November 2012, the Coast Guard recalled Plaintiff for duty.

32. Plaintiff performed his reserve duty until the end of March 2013 when he was injured during his service.

33. After 5 weeks of convalescent leave, Plaintiff returned to his job at the Staten Island Ferry in May 2013.

34. Within a week of his return from his reserve service, Defendant Walsh told Plaintiff that DOT was going to demote Plaintiff from Safety Officer to Deckhand.

35. Plaintiff then again deployed until October 2014.

36. Upon his return, Plaintiff was formally demoted to deckhand.

37. As a result of this demotion, DOT reduced Plaintiff's hours from 48 to 32 hours a week, which lead to a substantial deduction in Plaintiff's weekly pay.

**DOT's Failure to Accommodate Plaintiff's Disability.**

38. Plaintiff suffers from colorblindness and lacks the ability to distinguish between green and red.

39. Prior to beginning his employment, Plaintiff sat for a physical examination.

40. The examination established that Plaintiff suffered from colorblindness.

41. Nevertheless, despite suffering from this impairment, DOT hired Plaintiff for the deckhand position, and position he held until he was promoted to safety officer, and Plaintiff subsequently adequately performed his job duties as both a safety officer and deckhand.

42. On and about August 11, 2015, more than two years after DOT demoted Plaintiff from safety officer to deckhand, Defendant Garvey directed Thomas Stewart, the Ferry Terminal Supervisor, to remove Plaintiff from his position as deckhand.

43. DOT advised Plaintiff that he could no longer work as a deckhand because he could not distinguish between red and green and therefore could not distinguish between inbound and outbound ships, which are determined based on the color of the lights.

44. Despite this limitation, however, prior to August 2015, Plaintiff had served as a deckhand for multiple years for the DOT without incident.

45. Subsequently, DOT removed Plaintiff from his position as deckhand and limited him to "dock only" work, which reduced his opportunities for advancement and also the number of overtime hours he worked each week.

46. Concurrently, DOT brought charges against him to terminate his employment.

47. Because during the day deckhands and other employees can determine the direction of boats on most occasions without recourse to the lights, Plaintiff requested a reasonable accommodation of working on ships only during the day, an accommodation DOT should have provided to him based on his seniority.

48. Nevertheless, DOT categorically rejected Plaintiff's request and instead offered to transfer him to the DOT Office of Red Light Camera to perform electrical work.

49. However, in that position, Plaintiff would be required to distinguish between red and green wires, which he was unable to do based on his disability.

50. In addition, if Plaintiff transferred to this new position, he would have lost his seniority and benefits and would have to join a new union.

51. As a result, Plaintiff rejected DOT's inadequate accommodation.

52. On February 24, 2016, Plaintiff was forced to accept a position as a laborer or face termination.

53. As a result of the change in Plaintiff's position, Plaintiff lost his seniority and other benefits, including civil servant rights, and has been forced to join another union.

54. Plaintiff's demotion due to his disability was unlawful.

55. Defendants' adverse treatment of Plaintiff was motivated by discrimination against Plaintiff's disability and requesting a reasonable accommodation under City Law.

56. Defendants' actions were intentional and in reckless disregard for the health and well-being of Plaintiff. As a proximate result of these actions, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of

personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, harm to his reputation and loss of wages and benefits.

## FIRST CLAIM FOR RELIEF
### (Discrimination Under USSERA)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. 38 U.S.C. §431l(a) prohibits employers from denying a veteran's request for reemployment or a benefit of employment.

59. 38 U.S.C. §4313 mandates that a veteran shall be reemployed in either the same position or a position of like seniority, pay and status.

60. 38 U.S.C. §4311(b) prohibits discrimination against any person who exercises their rights under USERRA.

61. Defendants exhibited discriminatory animus and discriminated as such against Plaintiff by denying him the right to obtain the same or equivalent position within DOT upon his return from military service.

62. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SECOND CLAIM FOR RELIEF
### (Discriminatory Termination
### On the Basis of Disability
### In Violation of City Law)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64. By the acts and practices described above, Defendants discriminated against Plaintiff by demoting him and transferring him to a different position on the basis of his disability, in violation of City Law.

65. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

66. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### THIRD CLAIM FOR RELIEF
**(Failure to Provide a
Reasonable Accommodation
In Violation of City Law)**

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

68. By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of the City Law.

69. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

70. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### FOURTH CLAIM FOR RELIEF
### (Retaliatory Discharge
### In Violation of City Law)

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. By the acts and practices described above, Defendants retaliated against Plaintiff by transferring him to an inferior position because he requested a reasonable accommodation, in violation of the City Law.

73. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

74. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### FIFTH CLAIM FOR RELIEF
### (Discrimination in Violation of NYML)

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

76. NYML §242 prohibits discrimination against individuals required to perform military duty.

77. Defendants' discriminatory animus towards Plaintiff resulted from his participation in the Coast Guard and in violation of NYML.

78. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate

result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (Discrimination in Violation of NY Civil Service Law)

79. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

80. New York Civil Service Law, §88 prohibits employers from denying a request for reemployment or a benefit of employment based on prospective, current or past enlistment, appointment or commission with United States armed forces.

81. New York Civil Service Law, §88 affords military veterans such as Plaintiff full enforcement rights under the laws of the State of New York and the United States, including USERRA.

82. Defendants' conduct towards Plaintiff resulted from his participation in the Coast Guard and past enlistment, appointment or commission with United States armed forces, and was therefore discriminatory and a violation of his civil rights under the laws of the State of New York and the United States, pursuant to Section 88 of the New York Civil Service Law.

83. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SEVENTH CLAIM FOR RELIEF
### (Discriminatory Termination of Plaintiff
### On the Basis of Disability
### In Violation of the ADA Against Defendant NYC)

84. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

85. By the acts and practices described above, Defendant NYC discriminated against Plaintiff by terminating his employment on the basis of his disability, in violation of the ADA.

86. Defendant NYC knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

87. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendant NYC's discriminatory practices, unless and until this Court grants the relief hereinafter described.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Provide a
### Reasonable Accommodation
### In Violation of City Law Against Defendant NYC)

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

89. By the acts and practices described above, Defendant NYC unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of the ADA.

90. Defendant NYC knew that its actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

91. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendant NYC's discriminatory practices, unless and until this Court grants the relief hereinafter described.

### NINTH CLAIM FOR RELIEF
### (Retaliatory Termination of Plaintiff
### On the Basis of Disability
### In Violation of the ADA Against Defendant NYC)

92. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

93. By the acts and practices described above, Defendant NYC retaliated against Plaintiff by terminating his employment because he requested a reasonable accommodation, in violation of the ADA.

94. Defendant knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff NYC's statutorily protected rights.

95. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendant NYC's retaliatory practices, unless and until this Court grants the relief hereinafter described.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

B. Reinstatement to his previous position;

C. Prejudgment Interest;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Plaintiff's costs and reasonable attorneys' fees; and

F. Any relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief to which he has a right to a jury trial.

Dated: September 19, 2016
New York, New York

Respectfully submitted,

_____/s/_____
Michael Taubenfeld (MT-4640)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*